FLOWER *v.* GREENBAUM.

*(Circuit Court, N. D. Illinois. ———, 1880.)*

BANKRUPTCY — COMPOSITION PROCEEDINGS — CONTINGENT LIABILITY — STOCKHOLDER.—A stockholder's contingent liability will not be discharged by composition proceedings where the bankrupt has not included such liability in his statement of debts.

BLODGETT, D. J.   This suit is brought against defendant, as a stockholder of the German National Bank, to secure the amount of an assessment of 25 per cent., made by the comptroller of the currency on the stockholders of the bank, for the purpose of paying the indebtedness of the bank.

The fact that defendant was the owner of 277 shares of $100 each, of the stock of the bank, at the time the bank failed, is admitted; and it is also admitted that defendant was duly appointed receiver, and that the asssessment has been regularly made by the comptroller is also admitted.

The defence is that defendant was duly declared a bankrupt, and obtained a composition with his creditors, at the rate of 25 per cent., under said proceedings in bankruptcy; that plaintiff is bound by said proceedings, and can only recover in this suit 25 per cent. of said assessment.

It is admitted that defendant applied to the bankrupt court for a creditors' meeting to consider proposals for a composition; that said meeting was duly held; that defendant submitted to his creditors a statement of his assets and debts, and that among the assets scheduled by defendant was the bank stock in question; but no liability as such stockholder was scheduled or included in defendant's statement to his creditors.

The defendant offered to pay 25 per cent. to his creditors, in composition, and for settlement of his debts, which offer was accepted, ratified by the creditors, and confirmed by the court.   The bank was named in defendant's statement as a creditor to the amount of $40,000 on an overdrawn account, and was represented at the creditors' meeting, and voted in favor of the composition.   Defendant now insists,

that having disclosed the fact that he was a stockholder, upon which the law created a contingent liability, to the creditors of the bank, in case an assessment should be made upon the stockholders to meet the liability of the bank, his said liability as such stockholder comes within the operation of the composition, and plaintiff can only recover the amount paid other creditors by the terms of the composition.

I do not concur in the position taken by the defendant. The law under which this composition was obtained provides that "the provisions of a composition accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditor."

The proceeding to obtain a discharge must be strictly construed. The bankrupt must substantially comply with all the conditions requisite and precedent to obtain his discharge.

At the time this creditors' meeting was held, and this composition considered and approved by the creditors and court, this liability as a stockholder was only contingent,—no assessment had been made, in fact no receiver had been appointed. Admitting, for the purpose of this decision, that a contingent liability can be discharged by composition proceedings, there can be no doubt that, in order to secure this result, the bankrupt must include such contingent liability in his statement of debts; that the creditors holding such contingent indebtedness must have notice that a discharge from such liability is sought. But here there is no reference to this liability in the schedule of debts. No notice was given in any form that the bankrupt desired a discharge from this liability. Indeed, it is difficult to see how this could have been done at the time this composition was obtained, as no receiver had been appointed at the time, and no one could tell what rate of assessment upon the stockholders would be made.

But it seems very clear to me that the defendant cannot be held to have taken any step to secure his discharge from this liability. He did not include it in his statement of debts, and therefore the resolution of the creditors and action of the court did not prejudice the rights of the creditors of the bank to have this assessment made and collected.

Issue for plaintiff.